64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth H. TIBBETTS, Petitioner--Appellant,
v.
Steve HARGETT, Respondent--Appellee.
 No. 95-6039.
D.C. No. CIV-94-930-A.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 An Oklahoma state court convicted petitioner of kidnapping, first degree rape, and forcible oral sodomy. The convictions were affirmed on appeal, Tibbetts v. Oklahoma, 778 P.2d 925 (Okla.Crim.App.1989), and petitioner exhausted his state court remedies. He then filed for a Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. The district court denied the petition.
 
 
 3
 On appeal, petitioner claims that the district court incorrectly adopted the magistrate's finding that his prosecutorial misconduct claim was procedurally barred. We agree with the magistrate's conclusion, however, that petitioner's allegation is procedurally barred. We therefore AFFIRM for substantially the reasons set forth in the magistrate's report and recommendation.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470